SAMUEL HARLOW *vs.* HARRIET S. HARLOW, executrix.

Sagadahoc, 1875.—March 9, 1876.

*Executors and administrators.    Probate practice.*

A decree of a court of probate duly allowing the final account of an executor cannot be impeached in an action at law against the executor, to recover a debt due from the estate.

Any objection to such an account should be first made in the probate court, and can only be brought into the supreme court by appeal.

The plaintiff offered to prove that testator, husband of the executrix, after giving the notes in suit, conveyed a valuable farm to her for the purpose of defrauding creditors; that she took the conveyance for that purpose, and continued to hold under it.    *Held,* inadmissible to impeach the decree of the court of probate in the allowance of a final account; that such a decree was in the nature of a judgment, and could not be collaterally attacked.

ON REPORT.

ASSUMPSIT on promissory notes, amounting to some $700, given to the plaintiff by the testator in his life time, and prior to the year 1870.

The defense was *plene administravit.*

The plaintiff offered to prove that the defendant's testator conveyed to the defendant, who was his wife, in August, 1870, his farm of the value of $2000, for the purpose of defrauding his creditors; that the defendant took the conveyance for that purpose, and continued to hold the farm by it.    If upon the evidence offered, the action could be maintained, it was to stand for trial; otherwise the plaintiff to be nonsuit.

*J. W. Spaulding,* for the plaintiff.

*W. P. Whitehouse,* for the defendant.

WALTON, J.    This is an action of assumpsit against an executrix to recover a debt due from the estate.    The defense is *plene administravit.*    To this the plaintiff replies, and offers to prove, that the defendant is in possession of real estate, not inventoried nor administered upon, which was conveyed to her by the testator for the purpose of defrauding his creditors ; and the only question we find it necessary to consider, is whether this evidence is admissible.

We think it is not. The decrees of the probate court, in cases where it has jurisdiction, are in the nature of judgments, and cannot be impeached collaterally. And when, as in this case, it appears by the probate records that all the property inventoried has been fully and legally administered, and a final account settled, and no appeal taken, it is not competent to show that a full inventory was not returned, and that there is other property which belongs to the estate and ought to be administered upon. Such proof, if admitted, would necessarily impeach the integrity of the proceedings in the probate court, which, as already stated, the law does not allow.

This precise question was decided in *Parcher* v. *Bussell*, 11 Cush., 107, where, as in this case, to avoid the defense of *plene administravit;* the plaintiff sought to impeach the defendant's account of administration, and offered to show that a full inventory had not been returned. The court held that the decree of the probate court, duly allowing the administrator's final account, was conclusive, and could not be impeached in an action at law. "It is not the filing of the account," says Thomas, J., "which affects the plaintiff; it is the allowance of that account by the decree of a court having jurisdiction of the subject and of the parties."

*Plaintiff nonsuit.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.

LIBBEY, J., having been of counsel, did not sit.